UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WALTER GALLOWAY,

        Plaintiff,

v.

RAPHAEL WASHINGTON, *et al*.,

        Defendants.

_____/

Case No. 2:25-cv-10118

District Judge Brandy R. McMillion
Magistrate Judge Anthony P. Patti

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION TO DISMISS THIS LAWSUIT WITH PREJUDICE FOR FAILURE TO COMPLY WITH THE COURT'S MAY 27, 2025 ORDER (ECF No. 42) and/or PURSUANT TO FED. R. CIV. P. 41(b) AND E.D. MICH. LR 41.2 FOR FAILURE TO PROSECUTE

**I.  RECOMMENDATION**:  The Court should **DISMISS** this lawsuit **WITH PREJUDICE** for failure to comply with the Court's May 27, 2025 order (ECF No. 42) and/or pursuant to Fed. R. Civ. P. 41(b) and E.D. Mich. LR 41.2 for failure to prosecute.

**II.  REPORT**

    **A.  Case No. 2:23-cv-13129-BRM-APP was filed by four Plaintiffs (McCarren, Stewart, Riley & Galloway).**

Walter Galloway is currently located at the Michigan Department of Corrections (MDOC) Kinross Correctional Facility (KCF) in Kincheloe, Michigan. *See* www.michigan.gov/corrections, "Offender Search."  (ECF No. 41.)  On

1

December 7, 2023 – apparently while Galloway was a pretrial detainee – Michael David McCarren (WCJ 2021-005791), Maurice Allen-Julius Stewart (WCJ 2019-015051), Levertis Riley (WCJ 2021-00005178), and Galloway (WCJ 2019-005154) initiated a single lawsuit against Wayne County Sheriff Raphael Washington and eight others associated with the Wayne County Jail (WCJ).  (ECF No. 1, ¶¶ 4-16.)  At the time they signed the complaint, McCarren, Stewart, and Riley were located at 525 Clinton Street, Detroit, Michigan 48226 (WCJ Division 2) and Galloway was located at 570 Clinton Street, Detroit, Michigan 48226 (WCJ Division 1).  (*Id.*, PageID.13-17.)

Galloway was found guilty by a state court jury on May 7, 2024, and he was sentenced on August 14, 2024.  *See* Case No. 19-006329-01-FC (Wayne County).  It appears he transferred into the MDOC's custody on or about August 20, 2024.  *See* www.michigan.gov/corrections, "Offender Search."[1]

**B.     Three Plaintiffs (Stewart, Riley & Galloway) have been assigned new case numbers (25-10116, 25-10117 & 25-10118).**

Judge McMillion has referred this case to me for full pretrial matters.  (ECF No. 15.)  On January 8, 2025, I entered an opinion and order granting Defendants' motion to sever misjoined plaintiffs (ECF No. 25).  (ECF No. 33.)  As a result of

---

[1] This would explain why Galloway's copy of the Court's September 9, 2024 order mailed to WCJ – Division 1 was returned to the Court as undeliverable on or about October 1, 2024.  (ECF No. 32.)  (*See also* ECF Nos. 37, 38, 40.)

that order, Stewart, Galloway, and Riley were terminated as Plaintiffs in the original case (*see* Case No. 2:23-cv-13129-BRM-APP), Stewart was assigned Case No. 2:25-cv-10116-BRM-APP, Riley was assigned Case No. 2:25-cv-10117-BRM-APP, and Galloway was assigned Case No. 2:25-cv-10118-BRM-APP.  (*See* ECF No. 35.)

    **C.**    **The Court's April 4, 2025 order (ECF No. 39) required certain information.**

On April 4, 2025, the Court entered an order requiring that, no later than **May 3, 2025**, Plaintiff Galloway:  **(1)** make clear his current contact information, *see* E.D. Mich. LR 11.2 ("Failure to Provide Notification of Change of Address"); **(2)** inform the Court, in writing, as to whether he intends to continue prosecuting this case; **and**, if the answer is "yes," **(3)** file an amended complaint in Case No. 2:25-cv-10116-BRM-APP (E.D. Mich.), limited to <u>his</u> specific claims and making clear not only which individuals or entities <u>he</u> is suing but also which claims <u>he</u> is making (*e.g.*, citing the particular statutes or constitutional provisions) against each specified Defendant.  (ECF No. 39, PageID.404.)

The order also provided some guidance for drafting an amended complaint, *e.g.*, directing Plaintiff Galloway's attention to various rules and this district's form *Complaint for a Civil Case*. (*Id*., PageID.404-405.)  The Court then invited Plaintiff Galloway to clarify his intentions, including the option to dismiss voluntarily:  "If [he] does not intend to continue prosecution of this case, then he

3

should so inform the Court, and the Court will enter an order dismissing the lawsuit without prejudice." (*Id.*, PageID.405 (emphasis in original).) But this plaintiff was also "**WARNED** that a failure to comply with this order may result in a report and recommendation that the Court dismiss his particular lawsuit with prejudice." (*Id.* (emphases in original).)[2]

Galloway contends he received this order at KCF on or about April 25, 2025. (ECF No. 41, PageID.407.) In early May 2025, Plaintiff responded with his current address (*i.e.*, KCF) and indicated he intended on continuing to prosecute this case. (*Id.*)

### D. The Court's May 27, 2025 order (ECF No. 42) extended the deadline to file an amended complaint.

On May 27, 2025, the Court acknowledged Plaintiff's delayed receipt of the order and extended the deadline to file an amended complaint to June 30, 2025. (ECF No. 42.) As with the Court's prior order, this order also stated: "Plaintiff Galloway is **HEREBY WARNED** that a failure to comply with this order may result in a report and recommendation that the Court dismiss his particular lawsuit with prejudice." (*Id.*, PageID.411 (emphases in original).)

To date, Plaintiff Galloway has not filed an amended complaint.

---

[2] A copy of the Court's April 4, 2025 order (ECF No. 39) was mailed to Plaintiff initially at WCJ Division 1 (570 Clinton Street) and later to KCF. On or about April 29, 2025, the copy mailed to WCJ Division 1 was returned as undeliverable (ECF No. 40).

### E. It is appropriate to consider an order of involuntary dismissal.

Federal Rule of Civil Procedure 41(b) and Local Rule 41.2 authorize involuntary dismissal for failure to prosecute or to comply with rules of procedure or court orders. *See also Chambers v. Nasco, Inc.*, 501 U.S. 32, 49 (1991) (noting that "a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute" as recognized in *Link v. Wabash R. Co.*, 370 U.S. 626, 629-32 (1962)). "Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also *sua sponte* dismiss an action whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" *Anthony v. Marion Cnty. Gen Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980) (affirming district court's *sua sponte* dismissal pursuant to Rule 41(b)). Indeed, the "authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link*, 370 U.S. at 629-30; *see also Chambers v. Nasco, Inc.*, 501 U.S. 32, 49 (1991) (noting that "a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute" as recognized in *Link*, 370 U.S. at 629-32); *Carter v. City of Memphis, Tenn.*, 636 F.2d 159, 161 (6th Cir. 1980) ("It is clear that the district

court does have power under [Fed. R. Civ. P. 41(b) ] to enter a *sua sponte* order of dismissal.").

The United States Court of Appeals for the Sixth Circuit directs district courts to consider the following factors in deciding whether to dismiss under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 737 (6th Cir. 2008) (citation omitted). Although none of the factors is "'outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Id*. (quoting *Knoll*, 176 F.3d at 363).

**F.     Discussion**

The record demonstrates that involuntary dismissal is appropriate here, based on three particular considerations.

>    **1.     Whether Plaintiff Galloway's failure is due to willfulness, bad faith, or fault?**

Preliminarily, the Court made two attempts to serve a copy of its April 4, 2025 order (ECF No. 39) upon Plaintiff Galloway. First, on the date the order was issued, the Clerk served a copy of the order upon Plaintiff Galloway via mail to

6

WAYNE COUNTY JAIL - DIVISION 1, 570 CLINTON STREET, DETROIT, MI 48226.  Second, on April 15, 2025, the Clerk served a copy of the order upon Plaintiff Galloway via mail to KCF (4533 W. Industrial Park Drive, Kincheloe, MI 49788).  While the Court acknowledges that the copy mailed to Galloway at the WCJ was returned as undeliverable (*see* ECF No. 40), Galloway admits to having received a copy of the Court's order (ECF No. 39) at KCF on or about April 25, 2025.  (*See* ECF No. 41, PageID.407.)  At the same time, he made his contact information clear, and he expressed his intention to continue prosecuting this case.  (*Id.*)

On May 27, 2025 – having considered Galloway's response – the Court acknowledged Plaintiff's delayed receipt of the April 4, 2025 order and extended the deadline to file an amended complaint to June 30, 2025.  (ECF No. 42.)  On May 28, 2025, a copy of that order was mailed to Plaintiff at KCF.  To date:  (i) there is no indication on the docket that the order has been returned as undeliverable; (ii) Plaintiff has not filed an amended complaint; and, (iii) Plaintiff has not sought a further extension of time to file the amended complaint.  As such, he has not complied with this Court's May 27, 2025 order (ECF No. 42), and this non-compliance seems to be willful.

## 2. Whether the dismissed party was warned that failure to cooperate could lead to dismissal?

The answer to this question is a clear, "yes." The Court's April 4, 2025 and May 27, 2025 orders expressly state: "Plaintiff Galloway is **HEREBY WARNED** that a failure to comply with this order may result in a report and recommendation that the Court dismiss his particular lawsuit with prejudice." (ECF No. 39, PageID.405; ECF No. 42, PageID.411 (emphases in originals).)

## 3. Whether dismissal is appropriate to achieve the orderly and expeditious disposition of this case?

Beyond the failure to comply with the Court's May 27, 2025 order (ECF No. 42), Plaintiff seems to have discontinued prosecuting this case. Galloway's signature appears on the original complaint filed on December 7, 2023 (*see* ECF No. 1, PageID.13) and several other items filed the same day (*see* ECF No. 2, PageID.50; ECF No. 3, PageID.85; ECF No. 4, PageID.103; ECF No. 5, PageID.141; ECF No. 6, PageID.146; ECF No. 7, PageID.148; and, ECF No. 8, PageID.153). His signature also seems to appear on a July 11, 2024 certificate of service for a motion signed by his former co-Plaintiff McCarren. (ECF No. 30, PageID.272, 273.)

However, it has been over eight (8) months since the Court announced that Plaintiff Galloway would be proceeding separately from his former co-Plaintiffs. (*See* ECF No. 33 [Jan. 8, 2025 order].) In that time, three of the Court's items

8

mailed to Galloway at WCJ admittedly were returned as undeliverable (*see* ECF Nos. 35 & 37, 36 & 38, 39 & 40); however, two of those items (ECF Nos. 35, 39) were *also* mailed to Galloway at KCF, including – importantly – the Court's April 4, 2025 order requiring Plaintiff Galloway to file an amended complaint no later than May 3, 2025 (ECF No. 39), which Plaintiff seems to have received on April 25, 2025 and to which he responded with some information (*see* ECF No. 41).

But that response, dated April 27, 2025, post-marked May 1, 2025, and filed May 5, 2026 (see ECF No. 41) – albeit unsigned – is Galloway's most recent submission to the Court. Thus, it has been more than four (4) months since he has filed anything in this matter. And, it is more than two (2) months past the June 30, 2025 extended deadline to file an amended complaint. This period of inaction suggests that Plaintiff has discontinued prosecuting this case.

### G. Conclusion

Galloway's failure to file an amended complaint "limited to *his* specific claims and making clear not only which individuals or entities *he* is suing but also which claims *he* is making (*e.g.*, citing the particular statutes or constitutional provisions) against each specified Defendant[,]" (ECF No. 39, PageID.404 (emphases in original)), makes it difficult for the Court to discern what *his* actual claims are, their specific legal bases, who he is suing, and for what. This is why the Court's April 4, 2025 order required Galloway to file an amended complaint

9

after he was severed from the December 2023 conglomerated claims he had previously filed with other prisoners. Indeed, the Court's January 8, 2025 order granting Defendants' motion to sever misjoined Plaintiffs noted that "the complaint . . . may be susceptible to dismissal under Fed. R. Civ. P. 8(a)(2) or 12(b)(6) for its multiple references to undifferentiated 'Defendants' as opposed to specific Defendants . . . ." (*See* ECF No. 33, PageID.383 n.4.) Plaintiff's complaint needs to stand on its own. It does not. Galloway's failure to make the ordered clarifications make it such that his pleading does not provide "a short and plain statement of the claim showing that the pleader is entitled to relief[,]" Fed. R. Civ. P. 8(a)(2), and Defendants are not adequately given "fair notice of what the … claim is and the grounds upon which it rests," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), *i.e.*, what it is against which they must defend. For the above-detailed reasons, the Court should **DISMISS** this lawsuit **WITH PREJUDICE** for failure to comply with the Court's May 27, 2025 order extending deadline to file an amended complaint (ECF No. 42) and/or pursuant to Fed. R. Civ. P. 41(b) and E.D. Mich. LR 41.2 for failure to prosecute.

### III. PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule

72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc*.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc*.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated:  September 12, 2025

_____
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE